**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| WILL AUSTIN, an individual, | § | Case No.  1:25-cv-00697 |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | PLAINTIFF'S COMPLAINT FOR |
| | § | COPYRIGHT INFRINGEMENT |
| CRS MARBLE AND GRANITE LLC, a North | § | |
| Carolina limited liability company, | § | |
| and DOES 1-10, | § | |
| | § | |
| *Defendants*. | § | <u>Jury Trial Demanded</u> |

**<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>**

Plaintiff Will Austin, by and through his undersigned attorney, hereby prays to this honorable Court for relief based on the following:

**I.    JURISDICTION AND VENUE**

1.      This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3.      Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**II.    PARTIES**

4.      Plaintiff Will Austin ("**Austin**") is an award-winning architectural, industrial, and editorial photographer based in Seattle, Washington. Austin's client list includes major corporations, publishers, architects, nonprofits, and other businesses.

5.      Defendant CRS Marble and Granite LLC ("**CRS**") is a North Carolina limited liability company. CRS may be served with process at its office located at 2301 Scarbrough Drive,

Suite 360, Austin, Texas 78728 or by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701 as its agents for service because CRS engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas pursuant to Tex. Civ. Prac. & Rem. Code §§ 17.044(a)(1), 17.045. CRS owns, operates, and controls the commercial website crsquartz.com and its related/affiliated subdomains, mobile websites, social media pages, and applications (collectively, "**Defendant's Website**").

6.    Defendants DOES 1 through 10, inclusive, are other parties not yet identified who infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.    At all times relevant hereto, each Defendant was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

### III.    CAUSE OF ACTION

### Copyright Infringement – Against All Defendants

8.    Austin took and owns an original photograph that was registered with the U.S. Copyright Office, entitled "GDW-brumme-091311-010-web" (the "**Subject Photograph**").

9.    Following the publication and display of the Subject Photograph, each Defendant used the Subject Photograph for commercial purposes without Austin's authorization.



| Subject Photograph | Unauthorized Copy |
|---|---|
| | https://crsquartz.com/product/star-white-2/ |

10.    To the extent Defendants exploited the Subject Photograph more than three years before the filing of this case, Austin did not know, and had no reason to know, of such exploitations.

11.    Upon information and belief, each Defendant had access to the Subject Photograph, including through Plaintiff's website, social media accounts, profiles, galleries, exhibitions, and/or authorized licensees; third-party websites or Internet search engines; and/or because the copies displayed on Defendant's Website are verbatim copies of, and thus strikingly similar to, the Subject Photograph.

12.    Each Defendant copied, displayed, distributed, reproduced, and otherwise exploited the Subject Photograph for commercial purposes on Defendant's Website without Plaintiff's authorization.

13.    Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

14.    Due to Defendants' acts of copyright infringement, each Defendant obtained profits it would not have realized but for their infringement. As such, Plaintiff is entitled to disgorgement

of Defendants' profits attributable to the infringement in an amount to be established at trial.

15.    Upon information and belief, each Defendant committed copyright infringement with actual or constructive knowledge of, or with reckless disregard or willful blindness for, Plaintiff's rights in the Subject Photograph, such that said acts of copyright infringement were willful.

## IV.    JURY DEMAND

16.    Plaintiff demands a jury trial on all issues so triable pursuant to FED. R. CIV. P. 38 and the 7th Amendment to the United States Constitution.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a.    That each Defendant and each of its respective agents and employees, and/or anyone working directly or indirectly for or in concert with it or them, be enjoined from using the Subject Photograph in any manner that infringes Plaintiff's copyright in the Subject Photograph;

b.    That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, attributable to Defendants' infringement of Plaintiff's copyright in the Subject Photograph, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c.    That Plaintiff be awarded his attorneys' fees as available under 17 U.S.C. § 505;

d.    That Plaintiff be awarded pre-judgment interest as allowed by law;

e.    That Plaintiff be awarded the costs of this action; and

f.    That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Dated:  May 8, 2025                                Respectfully Submitted,

                                                   By: _____
                                                       Robert Cherry, Esq.
                                                       State Bar No. 24103780
                                                       **DONIGER /BURROUGHS**
                                                       2900 S. Congress Ave, #101
                                                       Austin, Texas 78704
                                                       Telephone: (512) 856-4319
                                                       Email: rcherry@donigerlawfirm.com

                                                       *Attorney for Plaintiff*